```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                        09-CV-1580(JMR/JJK)
```

3005 Cedar, LLC, a Minnesota  )
Limited Liability Company;    )
Hamoudi Sabri; and Women      )
of Middle East for Peace, a   )
Minnesota Non-Profit          )           ORDER
Corporation                   )
                              )
          v.                  )
                              )
The City of Minneapolis       )

Plaintiffs seek an injunction barring defendant, The City of Minneapolis (the "City"), from enforcing rental hall license ordinances. Plaintiffs 3005 Cedar, LLC, and principal building owner Hamoudi Sabri claim the ordinances unconstitutionally deprive them of the right to use their meeting hall for community events. Plaintiff Women of Middle East for Peace argues the ordinances unconstitutionally deprive it of the right to assemble in the meeting hall, in violation of the First and Fourteenth Amendments. Plaintiffs' motions are denied, and their claims are dismissed.

I. <u>Background</u>

Certain City ordinances regulate rental halls. Ordinance § 266.20 states "[n]o person shall operate a rental hall without first having obtained a rental hall license . . . ." A rental hall is defined as any "building, facility, room or portion thereof, which is rented, leased or otherwise made available to any person for a public or private event in exchange for a payment of a fee or

other consideration." Minneapolis, Minn., Code § 266.10.

The City does not, however, require a license in the following cases:

> (1) The premises are licensed under Title 14 of this Code;[1]
>
> (2) A theater is operating within the scope of the license issued pursuant to Chapter 267, Article XVI of this Code;
>
> (3) The rental hall has a legal occupancy of fewer than fifty (50) persons, and is in compliance with the occupancy limit;
>
> (4) The purpose of the event is for bona fide religious activities such as those sponsored by a religious association organized pursuant to Minnesota Statutes Chapter 315;
>
> (5) The purpose of the event is for bona fide political activities such as those sponsored by a political organization registered pursuant to Minnesota Statutes Section 10A.14;
>
> (6) If the premises are on the campus or in the facilities of a bona fide elementary or secondary school, vocational or trade school, college or university, church, or buildings under the control of the Minneapolis Parks Board of the City of Minneapolis.

Ordinance § 266.50 describes the rental hall license application process. Under § 266.80, an application can be denied "after notice and an opportunity for hearing," for various reasons, including the applicant's violation of federal or local laws, failure to complete the application, or "for good cause."

---

[1] Plaintiffs represent Title 14 concerns licensing of liquor and beer permits, and has no applicability here.

Plaintiffs emphasize the Ordinance's lack of a specific time limit in which the City must grant or deny an application.

Plaintiff 3005 Cedar, LLC, ("3005 Cedar") is owned by plaintiff Hamoudi Sabri ("Sabri"). 3005 Cedar owns several buildings in downtown Minneapolis, including 3015 Cedar Avenue South, the building in which the meeting hall in question is located. Plaintiffs contend any license application would have been futile, in light of a one-year moratorium on new rental and meeting hall licenses outside the downtown central business district imposed by the City on September 26, 2008. Minneapolis, Minn., Code § 586.40.

In June, 2008, the City's Department of Regulatory Services received complaints that Sabri was operating a rental hall at 3015 Cedar Avenue. The City claims a sign advertising the "Taj Mahal Rental Hall" was displayed outside the building. The City mailed Sabri a cease and desist letter, because the rental hall was not licensed. In November, 2008, City officials met with Sabri to discuss licencing 3015 Cedar. They claim they told Sabri the facility had insufficient parking, which precluded the granting of a license.

On January 24, 2009, Sabri allowed plaintiff, Women of Middle East for Peace, to host a memorial service at 3015 Cedar Avenue in honor of a dignitary who had died in Somalia. Sabri claims he operates Women of Middle East for Peace, a nonprofit organization.

3

(Tr. 7:11-12.) While the service was taking place, the City received a call alerting it to the event. Officer Dave Menter was dispatched to the scene, where he observed about 50 people at the hall. He states he spoke with meeting-organizer Farah Sirah, who said the group paid Sabri $300 to rent the hall. After their conversation, Menter left "without disrupting or stopping the event." (Def.'s Opp. 3.) That same day, the City cited Sabri for operating a rental hall without a license, in violation of City Ordinance § 266.20.

Sabri appealed the citation and sought an administrative hearing. On April 28, 2009, the administrative hearing officer affirmed the citation. The hearing officer concluded the event did not constitute a "bona fide religious activity," and was therefore not exempted from City licensing. The hearing officer further concluded Sabri was operating a rental hall without a license and charging a $300 rental fee. Sabri was fined $250, but did not appeal, despite his right to do so. See Minneapolis, Minn., Code § 2.110.[2]

On June 22, 2009, plaintiffs filed this suit against the City, claiming it deprived 3005 Cedar and Sabri of the right to use the meeting hall, and it further deprived Women of Middle East for Peace the right to assemble at 3015 Cedar Avenue, in violation

---

[2] An aggrieved party may obtain judicial review of a hearing officer's decision by petitioning the Minnesota Court of Appeals for a writ of certiorari, pursuant to Minn. Stat. § 606.01.

of the United States Constitution. Plaintiff Sabri also claims the administrative hearing was unconstitutional because the hearing officer was "selected by the Minneapolis City Attorney and compensated exclusively by the City of Minneapolis." (Compl. ¶ 36.) Accordingly, Sabri seeks judicial review of the City's administrative ruling.

This matter is presently before the Court on plaintiffs' motion for a preliminary injunction enjoining the City from enforcing its rental hall licencing ordinances. Defendant opposes, arguing the Court should decline to exercise jurisdiction under the Younger abstention doctrine; that Women of Middle East for Peace lacks standing; that res judicata bars plaintiffs' challenge of the City's enforcement procedures; and that the City's licensing ordinances and one-year moratorium are constitutional. The City has not filed a separate motion to dismiss, but asks the Court to deny plaintiffs' motion and dismiss their amended complaint with prejudice.

II. Analysis

A. Younger Abstention

1. Hamoudi Sabri

All parties to this case have addressed Younger. The Court therefore considers the question of abstention before addressing plaintiffs' substantive motion. See Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004). The Younger abstention doctrine

"directs federal courts to abstain from accepting jurisdiction in cases where equitable relief is requested and where granting such relief would interfere with pending state proceedings in such a way as to offend principles of comity and federalism." Night Clubs, Inc. v. City of Fort Smith, 163 F.3d 475, 477 n.1 (8th Cir. 1998) (citing Younger v. Harris, 401 U.S. 37 (1971)). Younger abstention is not an Article III jurisdictional bar. It is, instead, a prudential limitation on a court's exercise of jurisdiction. A court may "proceed to decide a case under Younger without [first] addressing the plaintiffs' constitutional standing to bring suit." Spargo v. N.Y. State Comm'n., 351 F.3d 65, 74 (2d Cir. 2003) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584-85 (1999)).

In Younger v. Harris, the Supreme Court barred a federal court from issuing an injunction when there were ongoing state judicial proceedings; the state proceedings implicated important state interests; and those proceedings afforded plaintiff an adequate opportunity to raise constitutional concerns. 401 U.S. 37, 41 (1971); see also Yamaha Motor Corp. v. Stroud, 179 F.3d 598,603 (8th Cir. 1999) ("Administrative proceedings which declare and enforce liabilities can be state judicial proceedings for purposes of Younger abstention."). Where Younger's requirements are met, "a federal court should abstain unless it detects bad faith, harassment, or some extraordinary circumstance that would

make abstention inappropriate." Night Clubs, 163 F.3d at 479. Applying these considerations, this Court finds it must abstain from addressing Sabri's claims.

As an initial matter, Sabri's claims were heard in a state administrative forum. Under the Younger doctrine, a party "must exhaust his state appellate remedies before seeking relief in the District Court." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989). A district court should abstain where plaintiff did not appeal an administrative decision to a higher state court. See Alleghany Corp. v. Pomery, 898 F.2d 1314, 1317 (8th Cir. 1990). Sabri cannot avoid Younger by declining to appeal; it is "well-settled that parties may not avoid the strictures of Younger simply by allowing a state judgment to become final." Id. Sabri had a right to appeal the hearing officer's decision by writ of certiorari to the Minnesota Court of Appeals. He declined to do so. Comity is not served if the Court reviews the state administrator's decision where Sabri, himself, opted out of the available appeal process.

Second, the question before the hearing officer clearly implicated important state interests. "[I]t is well-established that for abstention purposes, the enforcement and application of zoning ordinances and land use regulations is an important state and local interest." Night Clubs, 163 F.3d at 480. The City argues, and the Court agrees, police power serves the general

welfare. Property rights must be subject to reasonable limitations to prevent public harm, and the City's right to address these matters implicates an important state interest.

Finally, there is not the slightest showing that an appeal would not have afforded Sabri an adequate opportunity to raise his constitutional concerns. The Supreme Court unequivocally proclaimed abstention appropriate where plaintiff has an "opportunity to raise and have timely decided by a competent state tribunal" his constitutional claims. Middlesex County Ethics Comm'n., 457 U.S. at 437. Under Younger, it is sufficient "that constitutional claims may be raised in state-court judicial review of the administrative proceeding." Night Clubs, 163 F.3d at 481. "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987).

The Court finds the potential Younger exceptions inapplicable here. Night Clubs, 163 F.3d at 479 (a court will still intervene if plaintiffs allege "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate"). Although not specifically addressed in plaintiffs' motion for preliminary injunction, the complaint avers the underlying administrative hearing violated Sabri's due process rights because the administrative officer was "selected by the Minneapolis City

Attorney and compensated exclusively by the City of Minneapolis." (Compl. ¶ 36.) Plaintiffs do not suggest either bad faith or harassment. The Court, however, must consider whether plaintiffs' asserted due process claim is an extraordinary circumstance warranting federal intervention. The Court finds it is not.

The Supreme Court defined "extraordinary circumstances" to mean "an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." Kugler v. Helfant, 421 U.S. 117, 124-25 (1975). This case presents no such situation. Sabri could easily have raised his due process concerns at the administrative hearing or on appeal. He has offered no evidence suggesting the state court was "incapable of fairly and fully adjudicating" this issue. Id. Accordingly, the Court discerns no due process violations exempting this matter from the Younger bar.

Plaintiffs offer a final objection to Younger abstention. Plaintiffs concede Younger abstention may be appropriate with respect to Sabri's request for judicial review of the hearing officer's decision on the merits. However, they argue abstention is inappropriate as to the question of the constitutionality of the underlying ordinances. For support, they note Minnesota courts have addressed the constitutional validity of an underlying ordinance even when a party failed to appeal an administrative decision. See, e.g., Connor v. Township of Chanhassen, 81 N.W.2d

789 (1957).

This argument ignores the purpose of Younger abstention. "The motivating force behind Younger abstention is the promotion of comity between state and federal judicial bodies." Aaron, 357 F.3d at 774. Where the state provides a proper appellate forum, the Court would do injury to the principles of comity if it allowed plaintiffs to side-step this process. At best, plaintiffs' argument emphasizes their opportunity to seek declaratory judgment from the state courts, which have allowed them to seek such relief in the past.

2. 3005 Cedar

Plaintiffs claim that, even if Younger abstention applies to Sabri, it does not bar 3005 Cedar relief, because it was not a party to the state proceeding. The Court disagrees.

A court will abstain when claims are so clearly related that they warrant abstention. Plaintiffs correctly note, "[o]rdinarily, persons not subject to ongoing state proceedings may seek declaratory relief, or a preliminary injunction, in federal district court against the threatened enforcement of an allegedly unconstitutional state statute without meeting the requirements of Younger." Stivers v. Minnesota, 575 F.2d 200, 203 (8th Cir. 1978) (citing Steffel v. Thompson, 415 U.S. 452 (1974)). But plaintiffs have not considered the Supreme Court's concomitant observation that "there plainly may be some circumstances in which

legally distinct parties are so closely related that they should all be subject to the Younger considerations which govern any one of them." Doran v. Salem Inn, Inc., 422 U.S. 922, 928-29 (1975). In considering if this is such a case, the Court asks whether distinct entities are related in terms of "ownership, control, and management." Id. The fact that Sabri's co-plaintiff, a "complaining" entity which is, after all, owned and operated by him - makes clear that Younger abstention bars 3005 Cedar from proceeding. Importantly, Sabri represented the interests of 3005 Cedar before the hearing officer, and told the officer the building was owned by his LLC. See, e.g., Stivers 575 at 204 (affirming district court's dismissal of an intertwined appellant's claims who was not party to the underlying state proceedings).

Sabri's interests are so intertwined with 3005 Cedar's that the Court finds it must abstain from considering both their claims.

### 3. Women of Middle East for Peace

Although defendant argues Younger abstention should also bar the claims of Women of Middle East for Peace, the Court finds it lacks sufficient facts upon which to decide whether its claims "are so closely related [to Sabri's] that they should be subject to the Younger considerations which govern any one of them." See Doran, 422 U.S. at 928-29. While the administrative hearing

11

transcript reveals Sabri may run Women of Middle East for Peace, it also shows he charged the group a $300 rental fee. In the absence of adequate information to determine Sabri's relationship with the group, the Court is unable to determine the extent to which the group's claims are intertwined with Sabri's for <u>Younger</u> purposes.

B. <u>Standing</u>

Having resolved to abstain from Sabri and 3005 Cedar's claims, the Court addresses the claims of the remaining plaintiff. The Court finds Women of Middle East for Peace lacks standing to raise a facial or as applied challenge to the City's ordinances.

Article III of the United States Constitution limits federal courts to resolving "cases" and "controversies." <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 471 (1982). To establish a case or controversy, a plaintiff must allege a concrete and particularized injury that is actual or imminent. <u>Jones v. Gale</u>, 470 F.3d 1261, 1265 (8th Cir. 2006). Plaintiff's injury must be traceable to the defendant's challenged action. <u>Id.</u> Finally, it must be "likely," and not merely "speculative," that a favorable decision will redress plaintiff's injury. <u>Id.</u>

Applying these requirements, the Court finds Women of Middle East for Peace lacks standing to challenge the City's licensing scheme. Neither its complaint, nor its supporting documents show

it seeks to hold any future meeting at 3015 Cedar. It does not contend risk of prosecution; the police have not investigated it and the City has not sought to bar its meetings.

This ordinance, neither on its face, nor as applied, shows any indication the assembly rights of Women of Middle East for Peace are targeted or threatened. Cf. Zanders v. Swanson, 573 F.3d 591,593 (8th Cir. 2009). According to the pleadings, the group held a single meeting to honor a fallen Somali leader. There is no indication they intend to meet again, or that they cannot find another place to do so as a result of this ordinance. Under these circumstances, there is no reasonable likelihood a favorable decision will redress any alleged injury they may face.

III. Conclusion

Having resolved to abstain from the claims of plaintiffs Sabri and 3005 Cedar, and having concluded plaintiff Women of Middle East for Peace lacks standing to maintain this suit, the Court denies plaintiffs' motion for a preliminary injunction and dismisses this case. "Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." Gibson v. Berryhill, 411 U.S. 564, 577 (1973).

Accordingly, IT IS ORDERED that:

1. Plaintiffs' motion for a preliminary injunction is denied.

2. This action is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 3, 2010

<u>S/JAMES M. ROSENBAUM</u>
JAMES M. ROSENBAUM
United States District Judge